and we'll hear from Mr. Sherr. Good afternoon. May it please the Court, Counsel. My name is Todd Sherr. I'm here on behalf of Mr. Knight, CJA appointment from the Capital Collateral Regional Counsel's South Office in Fort Lauderdale. I'm here before the Court on the denial of a 2254 in a capital case. This is a case with two first-degree murder convictions along with two death sentences imposed over jury recommendations of death by two 12-0 jury recommendations. My brief has two main arguments. I'm going to be focusing on the first argument, which relates to the death sentences. If the Court has any questions, obviously, as to the second argument, which is the ineffective assistance of counsel argument, I'll be glad to answer them to the best that I can. But I would like to spend my time this morning focusing on the first argument, which is Hearst v. Florida related. In the district court, Mr. Knight, what happened actually in the Florida Supreme Court was when his case was on appeal from the denial of his 3.851 motion, Hearst v. Florida was issued by the U.S. Supreme Court. There was additional supplemental briefing ordered by the Court, oral argument. Ultimately, what happened is that the Florida Supreme Court found that there was error at Mr. Knight's capital penalty phase, but based on its decisions in earlier cases, had determined that the error was harmless beyond a reasonable doubt. The Court also, based on the 12-0 jury recommendations, the Court also determined that Mr. Knight was entitled to the benefit of the Hearst ruling because his case post-stated Ring v. Arizona actually by a number of years. This trial was in 2006, and I believe the direct appeal was in 2010 or 2011, which is almost a decade after Ring issued in June of 2002. In federal habeas, we raised a number of challenges to the Florida Supreme Court's analysis of the harm, the harmlessness aspect of the Florida Supreme Court's determination that the error was harmless. The way that the district court analyzed the claim was it determined that it was without jurisdiction actually to reach the error of harmlessness and did not actually address the Florida Supreme Court's analysis of harm, nor did it do its own harmless error analysis because it determined that Mr. Knight had to establish that he was entitled to the benefit of Hearst v. Florida under the Teague standard. And so that's one of the issues that's percolating in the case. As to the harmless error analysis, I've set out in the brief I think four or five separate reasons why we contend that the Florida Supreme Court's harmless error analysis is contrary to and more particularly an unreasonable application of the harmless error test that applies, which is the Brecht standard. Turning to, there's also a subsidiary issue that we've raised in terms of the error here, and we're contending that the error from Hearst v. Florida is actually structural in nature. Can I, before you get to that, Mr. Scheer, can I ask you a question about the nature of the claim and what the district court said about it? As I understand, the district court's underlying rationale for the claim was this. Hearst is certainly based on the federal constitution, but under Schiro, a case like Hearst will not be retroactive under federal law. This Florida Supreme Court made Hearst partially retroactive, but only under state law. And because you're only getting the benefit of Hearst under state law, any error in applying Hearst can only be a state law problem. That's essentially what the district court said, right? Yes. Right. So tell me what's wrong with that line of analysis. Well, partly what the state is arguing is that there was only state error found by the Florida Supreme Court as to Mr. Knight's death sentence. It was actually federal constitutional error found. And what the district court didn't dispute that, what the district court said, as Your Honor pointed out, was that under Schiro and under this court's precedent in several of the Lambrecht's opinions, I know, for example, the court had indicated that Hearst versus Florida was not retroactive under Teague, but Lambrecht's was a pre-ring case. Lambrecht's convictions were final back in the 80s, I believe, and he was attempting to argue under warrant that he was entitled to the benefit of Hearst versus Florida under Teague. That argument was foreclosed by the court, relying, I think, primarily on Schiro. Schiro was the case that addressed whether ring versus Arizona could be retroactively applicable under Teague to cases final prior to ring. What we have here is a post-ring case. This, Mr. Knight got relief on what essentially is a ring claim. It just came after Hearst issues, which is where the U.S. Supreme Court recognized finally that the Florida Supreme Court had been wrong all along in not applying ring to Florida. So in Hearst versus Florida, there's nothing new other than ring applying to Florida. I was going to say, set aside for a moment whether Hearst is, in fact, retroactive under federal law. Let's assume for purposes of argument that it's not. Why, as Judge Jordan posited the district court had said, why doesn't that mean that any problem with the application of Hearst is a state law problem rather than a federal problem if there's no retroactivity under federal law? My reading of Judge Scola's order, I don't even think he got that far. I think Judge Scola's reasoning was we hadn't established or he didn't believe that Hearst versus Florida was retroactive under Teague and that ended his discussion. He didn't address any error under whether it could be state law. He certainly didn't address any harm. So do you think that ends the discussion? If Hearst is not retroactive under federal law, do you think that we don't consider this question? No. I mean, my position all along was the federal constitutional issue that I raised was the constitutionality or lack thereof of the Florida Supreme Court's harmless error review, which is itself a constitutional question. And so irrespective of Hearst's retroactivity under Teague . . . Isn't that your federal claim? Your federal claim is harmless error review, period. That's it? And that was raised, which is that . . . I mean, is that all you have going? Well, that the Florida Supreme Court's harmless error analysis was contrary to or in a reasonable application of Brecht. Similar to Brecht. Brecht raised . . . Even though it was deciding a state law question. Well, it was deciding a federal constitutional question. The Florida Supreme Court essentially did a Teague analysis. And what they did was extend Ring back . . . Excuse me. Extended Hearst v. Florida back to when Ring was decided. Ring, of course, was the law at Mr. Knight's trial and at Mr. Knight's direct appeal. Unfortunately, the Florida Supreme Court didn't realize that and got it wrong for over a decade until Hearst v. Florida made it clear that Ring applied. I mean, what was at issue in Hearst v. Florida when you look at the actual question presented was whether Hearst's death sentence violated Ring. So, there was nothing new in Hearst other than applying Ring to Florida. Except that Hearst involved, for lack of a better term, a hybrid type system, which Ring didn't really involve. Right? Well, Florida . . . Certainly, Florida and Arizona have different systems. But the holding was the same. The holding was that any fact necessary to increase the punishment, other than that's authorized by the conviction, has to be found by a jury and not a judge. That was the holding in Ring. And that was the holding that was applied in Hearst. Now, when you apply that holding to Arizona v. Florida, of course, there are differences. Arizona's statute only required, I believe it was the existence of, an aggravating circumstance to authorize the judge to then make the additional findings necessary to impose death. The Florida statute, as the U.S. Supreme Court indicated in Hearst, and as the Florida Supreme Court later made clear in Hearst v. State, the opinion on remand, was that Florida statute is very different. Florida statute requires essentially three different elements or facts to be found by a jury, beyond a reasonable doubt, unanimously, before a death sentence is authorized. Because the only sentence authorized at the conviction stage, under Florida's first degree murder statute, is life imprisonment. Now, those three factors are, there is an aggravator, aggravating circumstances exist, that those aggravators are sufficient to authorize a death sentence, and three, that the aggravators outweigh the mitigators. Now, no jury in Florida ever had made those findings, and certainly no jury, Mr. Knight's jury, didn't make any of those findings beyond a reasonable doubt, nor was it instructed that it had to make those findings beyond a reasonable doubt. They found two aggravators beyond a reasonable doubt, in fact. There were two aggravators found as to one of the homicides, three as to the other. Now, that gets into the harm, that gets into the harmless error aspect of it, because there are a number of reasons we've posited why, let's assume it's not structural for the sake of this argument, let's assume we can get to the harmless error analysis. There are a number of factors, both legally and factually, that undermine the Florida Supreme Court's analysis, that we contend are unreasonable determinations of law and unreasonable determinations of fact. The first one is essentially what the Florida Supreme Court's per se rule really is and has become in cases dealing with 12-0 jury recommendations, which is that they're harmless no matter what. What the Florida Supreme Court does is look to the jury instructions and says, well, the jury's instructed according to the standard instructions. The jury came back 12-0, they were told what they had to find, and so therefore we're going to assume that that 12-0 means that they've made the necessary findings. Well, that's contrary, actually, to what Hearst v. Florida said. Well, if you believe that the jury followed its instructions and if you believe the evidence was sufficient, either at trial or at sentencing, you have to assume that the jury found at least one aggravator, right, to recommend the sentence of death. Well, that may be, but certainly getting to the other factors is a problem. No, no, I completely agree. It doesn't say anything about the rest of it, but you have to at least, you have to assume that if everything went according to plan and the evidence was sufficient to return a recommendation of death, the jury had to find at least one aggravator, right? I'm trying to answer your question, but I want to go back a little bit in time because I think your question presumes that we have a properly instructed jury. No, no, I'm not assuming that in this case at all. I'm just saying as a general matter, if everything goes according to plan, that means legally correct, right, in a hypothetical case, and a jury returns a recommendation of death, the assumption is that if the instructions were right and the evidence was sufficient, the jury had to find at least one aggravator to recommend death, right? As it is now, yes. Back then, it's not necessarily true. What was the jury told back then? The jury was told it had to find an aggravating circumstance. But I'm saying it has to find at least one. But we don't know. I mean, maybe they found it didn't outweigh the aggravation. No, no. Maybe I'm misunderstanding your question. No, I'm just, I think you're trying to, you may be making more of the question that I'm asking. It's a very narrow, I'm only asking for a very narrow concession. I'm not asking you to say that the jury found that this outweighed that, or that there were two or three aggravators and only two mitigators, none of that. But you have to admit that if everything was done correctly, instructions were correct, evidence was sufficient, the jury could not return a recommendation of death without at the very least finding one aggravator, right? That's the first of the findings. Correct. Yes, I agree. But I want to caution, in terms of your question, is that part of our issue here, unlike many of the other cases, is that this jury was not informed that it was entitled to dispense mercy. That it was entitled, it did not have to find, did not have to recommend a death sentence, even if one, two, and three were met. I know, that's one of your sub-arguments as to why the harmless error analysis was improper. So again, I just want to caution that my answer is conditioned on... On a hypothetical case being perfectly okay. Correct. Yeah, and that was my question. I was not trying to pin you down on the facts of this case. Because there are those, that is the first of the three findings. Presumably if the jury finds, beyond a reasonable doubt, unanimously that there is not an aggravating circumstance, that, under the way that the current law is, that's the end of their deliberation. But that's not how the law was back at the time. Let me go back to the very first question I asked you, because I want to understand the guts of your federal Hearst claim. As I understand your argument, I think it has to be this, but if I'm wrong, I want you to tell me so that I figure out how to analyze it. Your argument has to be something like this, I think. Once Hearst is made retroactive, even though that retroactivity determination is made under state law, any Hearst error remains a federal constitutional violation. And necessarily, any harmless error determination for that federal constitutional violation also necessarily presents a federal constitutional question. And that is because retroactivity on the federal side is not a constitutional matter. It's a federal common law matter. It seems to me that's the argument you have to make to not get into the state error box. Right. I mean, I think certainly that's a more elegant way of putting it. But, I mean, the way I look at it is, let's say, for example, the claim was that the court had introduced too many autopsy photos. State law issue. The Floriston Court said on direct appeal, true, but we find the error beyond a reasonable doubt. See Chapman. That's a federal constitutional claim, their harmless error analysis. So the autopsy photos, admission or not admission aside, the federal claim, I think in Mitchell, one of the cases they cite, even in Brecht, these are all cases that focus on the harmless error aspect because that is a constitutional under Brecht. That's a constitutional issue separate and apart from the Sixth Amendment violation that happened here. So I don't know if I'm answering your question. I'm trying to explain what my understanding of the claim was. I mean, I've raised similar issues in the past and it's never been a question that when the state court finds error and then applies a harmless error analysis, which is Florida's premise on Chapman, direct appeal one at least, and even in their post-conviction one, that analysis becomes a federal constitutional question that can be raised in habeas and that is raised in habeas and that gets addressed by the court. I think in Parker, Mitchell I know was a case actually where the U.S. Supreme Court addressed the harmless error analysis. Brecht is a perfect example, I mean, of a case where there was a Doyle violation that wasn't contested. The issue became whether you apply Chapman or the cardiacus standard in federal habeas. So that's my understanding of my federal constitutional claim. That aside, I still think Mr. Knight is entitled to the retroactive benefit of Hearst. Well, he got it. I mean, that's not even . . . Well, he got it, correct, and he should be entitled to it now, even under Teague, because we're not talking about a pre-ring case. If you . . . so this goes back to your harmless error analysis, but before you even get there, your argument is that any Hearst error is structural, right? That's one of my arguments, yes. So on that issue, the Supreme Court has held that removing an element of an offense from a jury incorrectly can be subject to harmless error analysis. What makes this situation different, do you think? I think that's like Nieder, I mean, and there's a whole line of cases like that, obviously. Sure, on materiality for a fraud conviction. Nieder and those cases, Nieder is the one that I'm most familiar with, talks about the fact that as a general rule, that's the case, that they are subject to harmless error analysis. And also, what's important is that Nieder omitted a materiality element, I think, from the jury instruction, and it was uncontested. Here, what we have is the entire process of death eligibility being taken away from the jury. The jury in Florida, in Mr. Knight's case specifically, made no factual findings whatsoever. First of all, and so that takes it out, that's more like a structural error, because when you look at the way that the Florida Supreme Court addressed the harmlessness test, you can sort of, at least I understand, why it's structural. Because really what the court is doing is speculating about what a properly instructed jury, who's told that its sentencing responsibility is not to recommend or advise, but actually to sentence the defendant, based on all the factors that are argued at the closing arguments and the evidence presented to the jury at the penalty phase, whether those 12 people would have found A, B, and C, those three factors. Plus, whether one of them may have decided A, B, and C are there, but I want to extend mercy to Mr. Knight. Plus, the jury in this case certainly was also told or instructed on another aggravating circumstance, the avoiding arrest aggravator as to one of the victims. On your argument, are we obligated in federal habeas review of this harmless error question, are we obligated to use the Florida interpretation, and some would say extension of Hearst, or would we look at harmless error under perhaps what our interpretation of the requirements of Hearst would be? I'm not on the harmless error. I mean, the Florida Supreme Court articulated its harmless error, its understanding of how it was going to analyze harmless error. Right. Do we look at how the Florida Supreme Court analyzed harmless error, or do we look at how we think harmless error would be analyzed under Hearst? Well, in federal habeas, the court's obligated to apply Brecht. Right. And so I think the court, we don't have a district court opinion on it, and so my first argument really would be if the court reaches that, then we should send it back for the district court to conduct a harmless error analysis. But absent that, my understanding of my issue is that, you know, this court in habeas looks to whether the Florida Supreme Court's harmless error analysis was contrary to or an unreasonable application of Brecht. Of course, to the extent that the Florida Supreme Court relies on certain state law subsidiary things, the court defers to that. But, for example, unreasonable determinations of fact, like we're alleging here, for example, you know, the Florida Supreme Court determined that Mr. Knight's jury was instructed in a substantially the same manner as another case. Well, that's just not correct in our view. And so their harmless error analysis is in part premised on an unreasonable determination of fact. And so what I think the court needs to do is go through all of these four or five factors, the Caldwell aspect to it, the fact that the jury was instructed on an aggravator that the judge later found inapplicable. All of those facts bear on what I contend to be a proper constitutional harmless error analysis under Brecht. I see I'm into my rebuttal time, and so if the court has any further questions, I'll reserve. Thank you. Ms. Lerner. Excuse me. May it please the court, Lisa Marie Lerner with the Florida Office of the Attorney General. On the Hearst issue, basically I rely on my brief, but to summarize it, here, unlike Hearst, there is no underlying constitutional violation because the jury found contemporaneous murder convictions. So the murder conviction for the mother was an aggravator for the daughter and vice versa. Additionally, the aggravator for the daughter, Hanessia, being a child of under 12, was undisputed. She was four years old. So there is no underlying constitutional violation like there was in Hearst, and the U.S. Supreme Court has What did the Florida Supreme Court get wrong on that issue? Well, the Florida Supreme Court said that the jury must specifically, under the Hearst v. State, must specifically find the aggravators unanimously in the sentencing procedure, and then as Mr. Scheer said They have to explicitly find Yes, in the sentencing That's a state law rule Exactly, under state law The fact that they actually did make the finding may have violated state law instructions to the jury but doesn't create a constitutional claim That's correct. It does not create a federal claim This argument, as I hear it, is mainly bound up in the instructions given to the jury at the time Yes, and they were state law instructions And the Florida Supreme Court did acknowledge that while they were substantially the same as were given in Davis the question of the mercy instruction was not given and the court did note that in its harmless error analysis but went on, given the facts of this case and with the contemporaneous murder convictions that any error was harmless I know this might be splicing hairs, but that's what we do here, unfortunately, sometimes You're saying that the jury's presenting the jury with the two murder convictions, one for one charge, one for the other meant that there's no error or that any error was rendered harmless Both Well, it can't be both Well If there's no error, you don't conduct harmless error analysis, right? There's no federal error No federal constitutional error Right, and however, any error under state court law was harmless And that's what I meant to say when I said both And the Supreme Court has directly held on this point that when a jury comes back with a conviction that can be used as an aggravator in the guilt phase, that unanimous finding allows the death penalty to go into play and there is no Hearst error But Hearst is a different question Those cases you're talking about are cases in which the finding of guilt at the liability phase of a criminal trial also suffices as an aggravator at the penalty phase, right? And so when you have that sort of sequence and that's the way the state legislature has set up that capital scheme then there may not be any problems That's not the way this scheme was set up And that's not the way this jury was instructed But it is analogous, however And the U.S. Supreme Court appears to have waited quite a long time to reach a case like Hearst where there was no accompanying violent felony conviction which allowed the death penalty They affirmed the death penalty in any number of cases that went up there prior to Hearst where there was a contemporaneous conviction for burglary, robbery, or murder as in this case because those contemporaneous convictions cured it of the need for a jury to find the Well, that's the end of the constitutional claim Yes As I see his argument his argument is that there is a constitutional claim in a state supreme court's standard of review of harmless error of a non-constitutional claim Even if you Even if you I don't know what the United States Supreme Court decision he's applying that would tell the Supreme Court of Florida when you conduct harmless error review under state law you have to use X standard I don't either I mean, I think that's my interpretation of his claim I may be wrong about what I'm interpreting Yes I start, if there's no federal constitutional claim which there isn't because there were findings Yes that qualified the conviction for the death penalty so that's the end of that constitutional claim and the Supreme Court of Florida later on decides to review whether or not to have a new sentencing hearing As I understand it, he takes out of the standard of review that the Supreme Court uses to decide whether under state law to give a new sentencing phase hearing finds a constitutional standard as if it were a freestanding constitutional claim Yes which would mean something like this that you could have a litigation of a criminal case under state law and the federal constitution says how the state Supreme Court is supposed to review the constitution review the claim, the non-constitutional claim Yes, and the Supreme Court has held that if the claim is based solely on state law which it is in this case, the Hurst v. State just because the court does a harmless error analysis under the state court law it does not automatically federalize the issue by using the term harmless error Well, if the Supreme Court of Georgia had done no review at all it wouldn't have violated the federal constitution That's correct Well, I'll ask you the opposite question of what I asked Mr. Scheer How does a state court's provision of retroactivity to a federal constitutional ruling by the Supreme Court make that ruling non-federal? Because the U.S. Especially when retroactivity law on the federal side is not constitutionally based No, it's not and it can only be retroactive under federal law if the U.S. Supreme Court says so Well here, let me give you this hypothetical and maybe it will illustrate my question Let's assume that you had a case identical in every single way to Hurst Identical in every single way to Hurst Okay It took place post-ring in Florida Florida Supreme Court says we're applying Hurst retroactively to this case that I call just like Hurst Okay Is the violation in that case non-federal? No, the violation would still be federal Then the violation here, if there was one and I know that's a big if was also federal No, because what the Florida Supreme Court found was that it violated its holding in Hurst v. State Which means that they got the issue about Hurst error wrong but it doesn't make it non-federal Right? No, because the error that they were looking at was based on their jurisprudence The jury had to find those three additional things about the aggravators Were they sufficient? And the weighing That's the error that they identified They were not identifying the exact same error as was found in Hurst I know, so you think they got that issue wrong and I understand that argument perfectly but it doesn't make that decision however incorrect it may have been non-federal How can a Hurst error which is constitutional in nature become non-federal because a state court decides it? That's the part about your case that has me spinning my wheels Because as I said the issue involved the state court law as identified by the Florida Supreme Court Which means that they've been applying in your view Hurst too expansively I understand that argument but it doesn't mean that it's non-federal It also doesn't mean you lose the case but I'm trying to figure out analytically both for your side and for Mr. Knight's side how to even begin to approach the issue and what box to put it in before figuring out what the proper analysis is and this is, it's hard No, I understand and in your hypothetical perhaps there would be a federal issue involved but that's not the situation in this case because of the underlying double murder convictions Right, which means that you think that the Florida Supreme Court applied Hurst incorrectly on the merits because it should have held that there was no Hurst violation because of the circumstance you just mentioned That's correct and what they did apply, as I said repeatedly was state court law What the Supreme Court of Florida did is what the Supreme Court of Alabama did  I'll take a minute and explain There was a Batson charge in a case a white man made a Batson challenge and at the time the Supreme Court of the United States precedent under Batson was race-based so a white person who's a defendant couldn't make the challenge It went to the Alabama Court of Criminal Appeals and they denied the challenge Then it went to the Supreme Court of Alabama Meanwhile, the United States Supreme Court came down with a decision that said Batson is now applicable even if the defendant is white and the jurors challenged are black and it remanded the case to the Alabama Court of Criminal Appeals with the instructions to send it back to the trial court and decide this new Batson claim What the Alabama Supreme Court did was seize on a Supreme Court of the United States decision that did not apply at the time and turn it into Alabama law So what the Supreme Court of Florida did was take Hearst, a constitutional ruling which didn't apply because there were two aggravators who were found beyond a reasonable doubt and turned it into a state law deal principle, and then looked for harmless error Yes, that's correct So there's no constitutional violation and what your colleague is looking for is a constitutional rule which says what a state court has to do in reviewing a state constitutional rule which borrowed a federal constitutional rule which wasn't applicable That's correct Here's a question that, fair warning I will ask your friend at the other table next Let's say that in Hearst there had been a companion case regarding a Georgia death penalty sentencing statute that was exactly the same So let's say that Hearst struck down both of those held that both of those were unconstitutional under Ring, Apprendi, and the rest of it Let's say that the Florida Supreme Court decided as it did to make Hearst retroactive to Ring Let's say that the Georgia Supreme Court did an application of Teague and said well, this is not retroactive in Georgia Would Mr. Knight and his companion defendant in the exact same case in Georgia Would Mr. Knight have a federal constitutional claim and Mr. Fite in Georgia would not? No, and it's the state's position that there is no constitutional claim for any of these cases And as you all, you justices are aware the state of Florida did not agree with the Florida Supreme Court's expansive ruling in Hearst v. State So a state court ruling can't create a federal constitutional claim where there wouldn't otherwise be one Is that what you're saying? Yes, that's correct And just finally on the harmless error issue itself even if this court reaches that Mr. Knight cannot meet the Brexit standard If we reach it, we have to find the Supreme Court of the United States decision which says that when state courts decide harmless error as a matter of federal constitutional law they have to apply another standard That's correct And as I said in my brief I don't think It does not This court and the district court cannot reach the harmless error issue given that it involves solely state court law And if there are no further questions we ask the court to affirm I think there's a misapprehension of my argument so I want to make it very clear I'm not arguing there was no federal constitutional violation found by the Florida Supreme Court The Florida Supreme Court explicitly found Mr. Knight's death sentence violated Hearst v. Florida That's a Sixth Amendment case Let's assume they made a mistake and that the death sentence is not invalid under Hearst because there were two aggravating circumstances making it eligible for death penalty found beyond a reasonable doubt But that's not how Florida law operates That's what I'm getting to Forget how Florida law operates The Constitution required a finding beyond a reasonable doubt of an aggravator that would qualify for the death penalty I disagree with that statement, Your Honor The Constitution doesn't require that It's up to every state to determine No, no, no, no, no Ring going back going back in good ways and then ring and then Hearst hold that you cannot have a judge finding of an aggravating circumstance and employ the death penalty That's unconstitutional Is that not right? I understand that's your view I disagree with that I disagree with that That's not what Hearst v. Florida I think if I were you I'd want to know what my concerns are because I'm one voice on this vote Oh, I understand I may be in the orbit but let me tell you where I am in the orbit If that case had been gone to the Supreme Court of the United States with two aggravating circumstances that were found beyond a reasonable doubt it couldn't be invalid in my view under Ring And it wouldn't matter We do know that the jury was instructed on the aggravators because they were instructed on those murders Correct So the jury found aggravating circumstance that made the case eligible for the death penalty There's not a Supreme Court of the United States holding to my understanding that says anything else about how the jury is to go about the weighing process except that under Lockett v. Ohio they're entitled to have aggravating and mitigating circumstance which was happened So the rest is now we have a state law Supreme Court has adopted Hearst as a matter of Florida law Do you agree with that? I'm trying to Let's assume that Hearst is not retroactive Okay But they're applying Hearst So now they have made Hearst Hearst in a state rule Do you agree? I'm trying to answer your question No, no One at a time Let's assume for sake of discussion that Hearst is not retroactive in this context And the Supreme Court of Florida still is applying Hearst Why would that not be a Supreme Court creating a rule of law in Florida? There are two different issues What Hearst v. Florida is is a Sixth Amendment case The Sixth Amendment is a right to jury trial What they said in Hearst v. Florida and in Ring and in Apprendi is that you have to look to the particularities of each state statute to determine what the facts necessary are to increase the punishment In Arizona, it's one aggravator In Florida, it's different There are three different factors How the state chooses There's one aggravator that constitutionally makes it eligible for the death penalty Will you agree with that? I don't agree with that From a constitution does the United States Supreme Court hold in any case for eligibility for the death penalty you need more than an aggravating circumstance found beyond a reasonable doubt by the jury I don't think that's ever been addressed because you look to every You're telling me there's no case that says the constitution requires more than one aggravator I don't believe there is, no Okay What you do have to do, however is look to how each state fashions its statute And I think it's just as Scalia said and I think it was in Apprendi The state can call it whatever they want They can call it sentencing factors They can call it eligibility factors They can call it whatever But it's how they functionally operate That is the Sixth Amendment question And that's what we have here So there is a Sixth Amendment violation Tell me what the Supreme Court holding is which says after you find an aggravator that makes the conviction eligible for the death penalty found by a jury beyond a reasonable doubt there are other things that are required forget Lockett v. Ohio and some in order to impose the death penalty Hearst is one of them Hearst discusses what the Florida statute is The Florida statute as the U.S. Supreme Court articulated requires the finding of an aggravator then requires the jury to make a determination that the aggravators are sufficient to impose death and then that the aggravators outweigh the mitigators Those are the three aspects of Florida's sentencing statute that were identified by the U.S. Supreme Court in Hearst v. Florida Nothing to do Your argument is that the Florida scheme is unconstitutional It was found unconstitutional No, no, no Not just the aggravator The whole scheme is unconstitutional the way it was charged in this case Yes Okay And the Florida court found it unconstitutional I'm going to look for a Supreme Court opinion that holds that So I think Let me So you can make sure you try to answer Judge Joe Flatt's concern I think and he can tell me if I've characterized his view correctly or not but so far and I agree with you that you have to look at each state scheme separately but I think what he's trying to suggest to you is that so far what the Supreme Court has held in Ring and in Hearst is that the Constitution requires maybe at a minimum that a jury find an aggravating factor that makes a defendant death eligible but so far has not ruled that the Constitution also requires the ultimate sentencer who weighs to be the jury That's the question that is posed to you I understand And that may be the next case coming down the road I mean Alabama has a hybrid system and one of these days there's going to be an Alabama case going up and we'll know whether Ring and Hearst are really broad or really much more narrow It's only a matter of time but right now Judge Joe Flatt is suggesting we're not there yet I mean I disagree because I think when you read Hearst versus Florida it's very clear I think what the state is trying to do is unravel how the Florida Supreme Court has analyzed its own sentence its own statute how those factors operate Like in Arizona the Arizona Supreme Court said well under our statute all you need is an aggravator That's fine That's not how Florida operates and it may not be how Alabama operates I mean there are very few of these states that have these sort of problems and there may well have been dozens of cases since 2002 that had multiple aggravators and multiple homicides I don't know that would require me to guess why the U.S. Supreme Court waited 14 years to pick Timothy Hearst's case With the indulgence of Judge Joe Flatt I'd like to ask you the same question I asked Opposing Counsel which is and for a brief answer please Assume that Georgia had a statute a sentencing scheme identical to that of Florida and in the Hearst case the U.S. Supreme Court was considering both the Florida scheme and the Georgia scheme both were struck down You following me? I think so Okay Florida's Supreme Court decides that retroactivity will go back to ring Georgia's Supreme Court decides not retroactive at all under Teague Does a defendant Do identical defendants in Florida have a constitutional claim for a posturing offense whereas Georgia defendants do not have a constitutional claim under your view of this case? Maybe I'm confused So the Florida case got the benefit of Hearst back to ring Right So any posturing case would have gotten the benefit of Hearst so there's no But what I'm saying is a Georgia defendant who committed the exact same crime at the exact same time under your view would not have a federal constitutional habeas claim whereas the Florida defendant would Is that correct? Perhaps I'm confused because obviously every state utilizes its own retroactivity analysis Typically Florida had the Witt test which was more expansive than Teague Right Part of what ultimately happened as a result of Hearst is that the Florida Supreme Court kind of switched its analysis and only essentially did perform here a Teague analysis that went back to ring because this is really ring error Now in the Georgia case if the Georgia court applied Teague in a way that's contrary to Teague or misapplied Teague No, no, no I'm saying as a matter of state law Georgia says not retroactive here in Georgia As a matter of state law in Florida Florida Supreme Court says retroactive Do those two identical defendants as one have a claim before this court and another one doesn't? Because their state courts made different decisions? I mean they might depending on I mean this is the claim here I mean it might depending on What Judge Grant is saying this Under your view of Hearst notwithstanding that that ring wasn't violated in this case Hearst wasn't violated because there were two there were aggravators found beyond a reasonable doubt Your argument focuses on what the Florida statutory scheme says the jury is supposed to do Okay She takes a Georgia case in which all they charge the jury with in Georgia is the same thing an aggravating circumstance found beyond a reasonable doubt which makes the case eligible for death penalty and doesn't have what you consider a convoluted Florida arrangement for the jury So there's no violation in Georgia and there isn't Florida That's your position Because of the two Because of the way Florida has arranged its scheme Correct That's like ring versus ring Arizona versus Florida That's the difference Okay We have your case Thank you very much Thank you Court obeys me All right Thank you